55 CCPA

RIDGE PIKE LUMBER COMPANY, Inc., Appellant,

v.

WILLIAM D. BOWERS LUMBER CO., Appellee.

Patent Appeal No. 7858.

United States Court of Customs and Patent Appeals.

Dec. 28, 1967.

Seidel & Gonda, Arthur H. Seidel, Philadelphia, Pa., for appellant.

Lloyd P. Shank, Washington, D. C., for appellee.

Before WORLEY, Chief Judge, Justice CLARK,* and Judges RICH, SMITH, ALMOND, and KIRKPATRICK.**

SMITH, Judge.

The Trademark Trial and Appeal Board denied appellant's petition to can-

* Associate Justice, retired, of the Supreme Court of the United States, sitting by designation.

** Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

cel appellee's registration of the mark "BLUE RIDGE HOMES" with certain design features, 147 USPQ 397 (TTAB 1965).[1]

Appellant's petition is based on its alleged prior and continuous use, since 1956, of the mark "RIDGE PIKE HOMES," its prior and continuous use of its trade name, Ridge Pike Lumber Company, Inc.," and what it asserts to be the goodwill attaching to the name "RIDGE HOMES." Appellant asserts that extensive goodwill had developed in the term "RIDGE HOMES" prior to May 29, 1959 and that, since 1963, it had used this term as a trademark for its products. It was appellant's position that appellee's registered mark is a substantial duplicate of its marks and trade name, and is applied to goods identical with those sold by appellant. Appellant concludes its petition with the averment that appellee's use of the registered mark here in issue will damage appellant because of the likelihood of confusion and deception as to the origin of appellee's goods.

Briefly stated, the board concluded that there is no likelihood of confusion between appellant's mark "RIDGE PIKE HOMES" and appellee's mark "BLUE RIDGE HOMES" even though used on similar goods. It found appellant's record insufficient to show rights in "RIDGE HOMES" prior to the filing date of appellee's registration.

Appellant contends here, as it did below, that the record proves that it had used "RIDGE PIKE HOMES" and "RIDGE HOMES" from a date commencing earlier than the earliest date which can be relied on by appellee as its first date of use of "BLUE RIDGE HOMES"; that the goods of the parties are identical; and that the dominant portion of the respective marks constitutes the term "RIDGE."

We have reviewed the record as to appellant's asserted use of the mark "RIDGE HOMES." On the record we agree with the board that:

* * * There is however no evidence of any use by petitioner [appellant] of "RIDGE HOMES" prior to February 1963 and the mere statement by the witness that petitioner has been so referred to is wholly insufficient to establish that petitioner was publicly known as "RIDGE HOMES" from March 1956 until its adoption as a mark in 1963. Petitioner has not established superior rights in "RIDGE HOMES" and said mark cannot be considered in determining whether petitioner is damaged by respondent's [appellee's] registration.

Thus, the issue to be determined here is the likelihood of confusion arising from the use of the marks "RIDGE PIKE HOMES" and "BLUE RIDGE HOMES" on the respective goods of the parties.

Comparing the marks in their entireties, the words "RIDGE" and "HOMES" are used in both marks. However, the qualifying term "PIKE" as used in appellant's mark and the qualifying term "BLUE" as used in appellee's mark make the marks different in sound, appearance and meaning. We agree with the board that confusion would not be likely, and support this conclusion, as the board did, by the statement in its opinion that:

* * * The term "BLUE RIDGE" is a unitary term having reference to the southeastern range of the Allegheny Mountains. The term "RIDGE PIKE" is also a unitary term and is the name of the road on which petitioner [appellant] is located. The impression created by each of these terms is completely different. Further, considering respondent's [appellee's] mark in its entirety, there is very little resemblance between that mark and petition-

1. Registration No. 693,036, for "prefabricated building components—namely, roof trusses and wall panels," in Class 12, issued February 16, 1960. The word "HOMES" is disclaimed apart from the mark. Appellee alleges a date of first use of May 29, 1959. Appellant's petition to cancel was filed pursuant to Section 14 of the Trademark Act of 1946, 15 U.S.C. § 1064.

er's [appellant's] mark in appearance and we also note a substantial difference in sound between "BLUE RIDGE" and "RIDGE PIKE." * * *

For the foregoing reasons, the decision of the board is affirmed.

Affirmed.